# TABLE OF UNREPORTED CASES

utilized in

## PETITIONER ABDU AL-QADER HUSSAIN AL-MUDAFARI'S
Points and Authorities
In Support of Opposition to Respondents' Motion to Stay

*Al-Adahi v. Bush*, No. 05-CV-00280 (GK), slip op. (D.D.C. Apr. 29, 2005)

*Al-Shamri v. Bush*, No. 05-CV-00551 (RWR), slip op. (D.D.C. May 10, 2005)

*El-Banna v. Bush*, No. 04-CV-01144 (RWR), slip op. (D.D.C. Apr. 8, 2005)

*Errachidi v. Bush*, No. 05-CV-00640 (EGS), slip op. (D.D.C. Apr. 21, 2005)

*Salahi v. Bush*, 05-CV-0569 (JR), slip op. (D.D.C. Apr. 14, 2005)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


MUHAMMAD AL-ADAHI, et al.,          :
                                   :
          Petitioners,             :
                                   :
          v.                       :      Civil Action No. 05-280 (GK)
                                   :
GEORGE W. BUSH, et al.,            :
                                   :
          Respondents.             :
_____    :
MAJID ABDULLA AL JOUDI,            :
et al.,                            :
                                   :
          Petitioners,             :
                                   :
          v.                       :      Civil Action No. 05-301 (GK)
                                   :
GEORGE W. BUSH, et al.,            :
                                   :
          Respondents.             :


                            <u>ORDER</u>

     Petitioners in the above-captioned cases have each requested

immediate issuance of a writ of habeas corpus under 28 U.S.C.

§ 2243 and/or for sanctions based on Respondents' failure to comply

with a direct order of this Court.  All Petitioners are currently

detained at the U.S. Naval Base at Guantanamo Bay, Cuba.

     On March 7, 2005, in Civil Action No. 05-280 and in Civil

Action No. 05-301, the Court ordered the Government, by March 28,

2005, to show cause why a writ should not be granted.  The

Government did not comply and instead filed a Motion to Stay

Proceedings.  Petitioners in both cases have filed Oppositions to the Motions to Stay, and Respondents have filed Replies.

Upon consideration of the Motions, Oppositions, and Replies, the Court concludes that Respondents' Motions to Stay should be **granted**.

To ensure that these proceedings continue in a prompt and orderly fashion after the Court of Appeals rules in In re Guantanamo Detainees Cases, 355 F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311 (D.D.C. 2005), it is hereby

**ORDERED** that Respondents shall, by August 1, 2005, or earlier, provide factual returns to Petitioners' counsel supporting the detention of their clients.[1]  If necessary and appropriate, such factual returns may be filed under seal; and it is further

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004; the Order Addressing Designation Procedures for "Protected Information" entered on November 10, 2004; and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended

---

[1]    Appellate briefing will be completed by the end of June. No date has been set for oral argument.  Thus, it is highly unlikely that the Court of Appeals will have ruled by August 1, 2005.  By giving the Government three months to file its factual returns, it will have ample time to complete the administrative tasks involved.    More importantly, Petitioners will not be prejudiced by imposition of the Stay.  Their counsel can begin preparing their defense well in advance of any ruling by the Court of Appeals and the delay they fear can be minimized.

Protective Order, issued on December 13, 2004, in In re Guantanamo

Bay Detainee Cases, Civil No. 02-0299, et al., by Judge Joyce Hens

Green shall apply in this case; and it is further

    **ORDERED** that Respondents' Motions to Stay are **granted** pending

resolution of all appeals in In Re Guantanamo Detainees Cases, 355

F. Supp.2d 443 (D.D.C. 2005) and Khalid v. Bush, 355 F. Supp.2d 311

(D.D.C. 2005). This stay shall not prevent the parties from filing

any motion for emergency relief.

April 29, 2005                 /s/_____
                                   Gladys Kessler
                                   United States District Judge

**Copies via ECF to all counsel
of record**

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                  )
MAJID RADHI AL TOUME AL SHAMRI )
et al.,                           )
                                  )
        Petitioners,              )
                                  )
        v.                        )    Civil Action No. 05-551 (RWR)
                                  )
GEORGE W. BUSH et al.,            )
                                  )
        Respondents.              )
_____)


MEMORANDUM ORDER

Petitioner Majid Radhi Al toume Al Shamri, through his next

friend, Hmood Nasser Al Mutairi, seeks a writ of habeas corpus,

challenging the legality of his detention by the United States at

Guantanamo Bay Naval Base, Cuba.  Respondents moved for a stay of

proceedings [Dkt. # 4] pending resolution of the appeals in In re

Guantanamo Detainee Cases, 355 F. Supp. 2d 443 (D.D.C. 2005),

appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and

Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C. 2005), appeal

docketed sub nom. Boumediene v. Bush et al., No. 05-5062 (D.C.

Cir. March 10, 2005).  Petitioners' opposition to the stay [Dkt.

# 8] requests, at a minimum, that any stay imposed be flexible

enough to allow petitioner to seek interim relief when warranted,

that petitioner not be removed or transferred from Guantanamo Bay

absent 30 days notice to this court and counsel for petitioners,

-2-

and that a factual return setting forth the basis for Petitioner

Al Shamri's detention be filed within 30 days.

A primary purpose of a stay pending resolution of the issues

on appeal is to preserve the status quo among the parties.

Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559

F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is

preventative or protective, and seeks to maintain the status quo

pending a final determination of issues on appeal); see Warm

Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974)

(granting stay pending appeal to maintain the status quo between

the parties).  A court may, in appropriate situations, specify

protective conditions in balancing the hardship necessarily

imposed on the party whose suit or execution of judgment has been

stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &

n.27 (D.C. Cir. 1971) (affirming condition of stay requiring

tenant appealing judgment to deposit funds in court registry

pending appeal); see also, City of Portland, Or. v. Federal

Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing

the proponent of a stay in a case challenging shippers' exclusion

of one city's port from service to "be prepared to state reasons

why this court should not impose a conditional stay requiring the

rotation of service among the ports involved pending final review

and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C.

-3-

Cir. 1967) (discussing a stay of execution of judgment

conditioned upon support payments); Center for Int'l

Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp.

2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on

party seeking an expedited appeal).  Where, as here, the

condition imposed on the proponent of the stay is "neither heavy

nor unexpected," imposing a protective condition is well within a

court's discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting

Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

    Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936).  Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties.  Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay [Dkt. # 4] be, and hereby is, GRANTED in part and DENIED in part.  The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit, in In re Guantanamo Detainee Cases and Boumediene v. Bush et al., except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court.  It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall not transfer or remove the detained petitioner from United States custody at Guantanamo Bay unless this court and counsel for petitioners receive thirty days' advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

-5-

SIGNED this 10th day of May, 2005.


                              _____/s/_____
                              RICHARD W. ROBERTS
                              United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

```
_____ )
                                 )
JAMIL EL-BANNA et al.,           )
                                 )
        Petitioners,             )
                                 )
             v.                  )        Civil Action No. 04-1144 (RWR)
                                 )
GEORGE W. BUSH et al.,           )
                                 )
        Respondents.             )
_____ )
                                 )
HANI SALEH RASHID ABDULLAH       )
et al.,                          )
                                 )
        Petitioners,             )
                                 )
             v.                  )        Civil Action No. 05-23 (RWR)
                                 )
GEORGE W. BUSH et al.,           )
                                 )
        Respondents.             )
_____ )
                                 )
ABDULLAH IBRAHIM ABDULLAH        )
AL RASHAIDAN et al.,             )
                                 )
        Petitioners,             )
                                 )
             v.                  )        Civil Action No. 05-586 (RWR)
                                 )
GEORGE W. BUSH et al.,           )
                                 )
        Respondents.             )
_____ )
```

-2-

## MEMORANDUM ORDER

Petitioners Jamil El-Banna, Bisher Al-Rawi, Martin Mubanga,[1] Hani Abdullah, Rami Al-Oteibi,[2] and Abdullah Al Rashaidan,[3] in three separate cases seek writs of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba. Respondents moved for a stay of proceedings in each case pending resolution of the appeals in In re Guantanamo Detainee Cases, — F. Supp. 2d —, 2005 WL 195356 (D.D.C. Jan. 31, 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Boumediene v. Bush et al., — F. Supp. 2d —, 2005 WL 100924 (D.D.C. Jan. 19, 2005), appeal docketed, No. 05-5062 (D.C. Cir. March 10, 2005). A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to

---

[1]    Petitioner-detainees in Civil Action No. 04-1144.

[2]    Petitioner-detainees in Civil Action No. 05-23.

[3]    Petitioner-detainee in Civil Action No. 05-586.

-3-

maintain the status quo between the parties).  In Civil Action
No. 04-1144, Judge Joyce Hens Green entered a stay order on
February 3, 2005.  (Dkt. # 122.)  In Civil Action No. 05-23, a
stay was entered on March 16, 2005 that nevertheless allowed
petitioners to seek from this court emergency relief in
appropriate circumstances, such as when petitioners reasonably
believe they will be removed from the jurisdiction of this court.
(Dkt. # 16).[4]  In Civil Action No. 05-586, respondents' motion to
stay the proceedings is pending.

     In each action, petitioners have moved for a preliminary
injunction to enjoin respondents from transferring any of the
petitioner-detainees from United States custody at Guantanamo Bay
Naval Base to any other location or any other custodian without
providing 30 days notice of the intended transfer or removal.
Petitioners fear that respondents may involuntarily "render" the
detainees to other countries, where they may be subject to
continued detention without due process of law or to mental or
physical abuse, and, by means of transfer, divest this court of
jurisdiction either as a practical or legal matter.  Respondents
oppose petitioners' motions for a preliminary injunction.

---

     [4]  A protective order was entered in that case on the same
day.  (Dkt. # 17.)

-4-

Petitioners' fears do not appear fanciful. Petitioners cite
to a report of an investigative journalist describing the
rendition of several named individuals who have been transferred
in and out of United States custody, a practice respondents have
not denied in these proceedings. Further, respondents concede
they have transferred custody of many Guantanamo detainees to
foreign sovereigns and assert that such transfer divests this
court of jurisdiction over pending habeas corpus petitions.
Another press report cited by petitioners, and not denied by
respondents, indicates that respondents either have, or had,
plans to accelerate the transfer of Guantanamo detainees to other
sovereigns and other locations.

The outcome petitioners fear, if realized, would improperly
subvert the court's ability to adjudicate these actions on their
merits. See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004) ("We
therefore hold that [28 U.S.C.] § 2241 confers on the District
Court jurisdiction to hear petitioners' habeas corpus challenges
to the legality of their detention at the Guantanamo Bay Naval
Base."). Furthermore, such a result would nullify the stay's
purpose of preserving the status quo between the parties.

"It is well established that 'the federal courts may and
should take such action as will defeat attempts to wrongfully
deprive parties entitled to sue in the Federal courts for the

-5-

protection of their rights in those tribunals.'"  Abu Ali v.

Ashcroft, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (quoting Alabama

Great S. R. Co. v. Thompson, 200 U.S. 206, 218 (1906)).  In

addition, a court may, in appropriate situations, specify

protective conditions in balancing the hardship necessarily

imposed on the party whose suit or execution of judgment has been

stayed pending appeal.  Cooks v. Fowler, 459 F.2d 1269, 1272-73 &

n.27 (D.C. Cir. 1971) (affirming condition of stay requiring

tenant appealing judgment to deposit funds in court registry

pending appeal); see also, City of Portland, Or. v. Federal

Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing

the proponent of a stay in a case challenging shippers' exclusion

of one city's port from service to "be prepared to state reasons

why this court should not impose a conditional stay requiring the

rotation of service among the ports involved pending final review

and determination."); Scott v. Scott, 382 F.2d 461, 462 (D.C.

Cir. 1967) (discussing a stay of execution of judgment

conditioned upon support payments); Center for Int'l

Environmental Law v. Office of the U.S. Trade Rep., 240 F. Supp.

2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on

party seeking an expedited appeal).  Where, as here, the

condition imposed on the proponent of the stay is "neither heavy

nor unexpected," imposing a protective condition is well within a

-6-

court's discretion.  Cooks v. Fowler, 459 F.2d at 249 (quoting

Bell v. Tsintolas Realty Co., 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

> Therefore, here
>
> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." Landis v. North American Co., 299 U.S.
> 248, 256 (1936).  Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties. Id. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); see also Clinton v. Jones, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

ORDERED that respondents' motion for a stay in Civil Action

No. 05-586 (Dkt. # 5) be, and hereby is, GRANTED in part and

DENIED in part.  The proceedings in Civil Action No. 05-586 are

STAYED pending resolution of the appeals pending before the

United States Court of Appeals for the District of Columbia

Circuit, in In re Guantanamo Detainee Cases and Boumediene v.

Bush et al., except that petitioners in Civil Action Nos. 04-1144

and 05-586 may seek emergency relief from this court in

-7-

appropriate circumstances, such as when petitioners have reason
to believe that they are facing the possibility of continued
detention at the request of the United States in a location that
does not provide access to this court.  It is further

ORDERED that in all three cases captioned above,
respondents, their agents, servants, employees, confederates, and
any persons acting in concert or participation with them, or
having actual or implicit knowledge of this Order by personal
service or otherwise, may not transfer or remove the detained
petitioners from United States custody at Guantanamo Bay unless
this court and counsel for petitioners receive thirty days'
advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status
review tribunals, respondents shall file factual returns relating
to each detained petitioner within 30 days after entry of a
protective order in that petitioner's action, unless such returns
have been filed already.  It is further

ORDERED that the motions for a preliminary injunction in all
three cases captioned above (Dkt. # 128, Civil Action No. 04-
1144; Dkt. # 15, Civil Action No. 05-23; Dkt. # 3, Civil Action
No. 05-586) be, and hereby are, DENIED as moot.

-8-

SIGNED this 8th day of April, 2005.

_____/s_____
RICHARD W. ROBERTS
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

ERRACHIDI, et al.,          )
                            )
                            )
            Petitioners,    )
                            )
            v.              )          No. 1:05CV00640 (EGS)
                            )
GEORGE WALKER BUSH, et al.  )
                            )
            Respondents.    )
_____)

ORDER

Upon consideration of the unopposed motion for entry of protective order, it is hereby

**ORDERED** that the Amended Protective Order and Procedures for Counsel Access to Detainees at the United States Naval Base in Guantanamo Bay, Cuba, first issued on November 8, 2004, (344 F. Supp. 2d 174 (D.D.C. 2004)) and the Order Supplementing and Amending Filing Procedures Contained in November 8, 2004 Amended Protective Order, first issued on December 13, 2004, in the *In re Guantanamo Bay Detainee Cases* shall apply in this case. It is

**FURTHER ORDERED** that petitioners' counsel shall treat information designated by respondents as "protected" under the Amended Protective Order as "protected information" under the Amended Protective Order pending further order of this Court.

**IT IS SO ORDERED.**

Signed:   Emmet G. Sullivan _____
          United States District Judge
          April 21, 2005

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

MOHAMMEDOU OULD SALAHI,             :
                                    :
          Plaintiff,                :
                                    :
     v.                             :   Civil Action No. 05-0569 (JR)
                                    :
GEORGE W. BUSH, *et al.*,           :
                                    :
          Defendants.               :

ORDER

Respondents' motion for a stay [4] is **granted.**
Petitioners having submitted themselves to the jurisdiction of
this Court, and the Court having asserted in personam
jurisdiction, see Rasul v. Bush, 124 S.Ct. 2686 (2004), the stay
will apply to all proceedings applicable to the petitioners,
including without limitation their release, repatriation, or
rendition, and it will remain in effect until further order of
the Court.  Petitioners' motion for an order requiring 30 days
advance notice of their intended removal [3] is accordingly
unnecessary and is **denied.  IT IS SO ORDERED.**


                         JAMES ROBERTSON
                    United States District Judge