## TABLE OF UNREPORTED CASES

utilized in

### PETITIONERS HAYAL AZIZ AHMED AL-MITHALI'S

**REPLY STATEMENT OF POINTS
AND AUTHORITIES IN FURTHER SUPPORT OF HIS
MOTION FOR A TEMPORARY RESTRAINING ORDER AND
PRELIMINARY INJUNCTION ENJOINING TRANSFER OF
PETITIONER OR ALTERNATIVELY, REQUIRING THIRTY
DAYS' NOTICE OF INTENT TO TRANSFER PETITIONER**

*Al Daini v. Bush,* 05-CV-634, slip op. (D.D.C. June 6, 2005)

*El-Banna v. Bush,* 04-CV-1144, slip op. (D.D.C. Apr. 8, 2005)

*Salahi v. Bush,* 05-CV-0569, slip op. (D.D.C. Apr. 15, 2005)

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

OMER SAEED SALEM AL DAINI )
et al., )
)
)
Petitioners, )
)
v. )    Civil Action No. 05-634 (RWR)
)
GEORGE W. BUSH et al., )
)
Respondents. )
)

MEMORANDUM ORDER

Petitioner Omer Saeed Salem Al Daini, through his next
friend, Mohammed Saeed Salem Al Daini, seeks a writ of habeas
corpus, challenging the legality of his detention by the United
States at Guantanamo Bay Naval Base, Cuba. Respondents moved for
a stay of proceedings [Dkt. # 3] pending resolution of the
appeals in In re Guantanamo Detainee Cases, 355 F. Supp. 2d 443
(D.D.C. 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10,
2005), and Kalid v. Bush et al., 355 F. Supp. 2d 311 (D.D.C.
2005), appeal docketed sub nom. Boumediene v. Bush et al., No.
05-5062 (D.C. Cir. March 10, 2005). Petitioners' opposition to
the stay [Dkt. # 4] requests, among other things, that petitioner
not be removed or transferred from Guantanamo Bay without 30
days' prior notice to this court and counsel for petitioners, and

-2-

that a factual return setting forth the basis for petitioner's detention be filed within 30 days.

A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties. Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to maintain the status quo between the parties). A court may, in appropriate situations, specify protective conditions in balancing the hardship necessarily imposed on the party whose suit or execution of judgment has been stayed pending appeal. Cooks v. Fowler, 459 F.2d 1269, 1272-73 & n.27 (D.C. Cir. 1971) (affirming condition of stay requiring tenant appealing judgment to deposit funds in court registry pending appeal); see also, City of Portland, Or. v. Federal Maritime Comm'n, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing the proponent of a stay in a case challenging shippers' exclusion of one city's port from service to "be prepared to state reasons why this court should not impose a conditional stay requiring the rotation of service among the ports involved pending final review and determination"); Scott v. Scott, 382 F.2d 461, 462 (D.C. Cir.

-3-

1967) (discussing a stay of execution of judgment conditioned
upon support payments); Center for Int'l Environmental Law v.
Office of the U.S. Trade Rep., 240 F. Supp. 2d 21, 23 (D.D.C.
2003) (conditioning stay pending appeal on party seeking an
expedited appeal).  Where, as here, the condition imposed on the
proponent of the stay is "neither heavy nor unexpected," imposing
a protective condition is well within a court's discretion.
Cooks v. Fowler, 459 F.2d at 249 (quoting Bell v. Tsintolas
Realty Co., 430 F.2d at 482 (D.C. Cir. 1970) (stating "[w]e have
little doubt that . . . [a court] may fashion an equitable remedy
to avoid placing one party at a severe disadvantage during the
period of litigation")).

    Therefore, here

    the court will "guard against depriving the processes
    of justice of their suppleness of adaptation to varying
    conditions." Landis v. North American Co., 299 U.S.
    248, 256 (1936).  Coextensive with a district court's
    inherent power to stay proceedings is the power to
    craft a stay that balances the hardships to the
    parties.  Id. at 255 (noting concern regarding a stay
    causing "even a fair possibility . . . [of] damage to
    some one else."); see also Clinton v. Jones, 520 U.S.
    681, 707 (1997) (noting that "burdens [to the parties]
    are appropriate matters for the District Court to
    evaluate in its management of the case.").

Al-Oshan v. Bush, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)
(Urbina, J.) (Order, Dkt. # 12).  Accordingly, it is hereby

-4-

ORDERED that respondents' motion for a stay [Dkt. # 3] be, and hereby is, GRANTED in part and DENIED in part. The proceedings in this case are STAYED pending resolution of the appeals pending before the United States Court of Appeals for the District of Columbia Circuit in <u>In re Guantanamo Detainee Cases</u> and <u>Boumediene v. Bush et al.</u>, except that petitioners may seek emergency relief from this court in appropriate circumstances, such as when petitioners have reason to believe that they are facing the possibility of continued detention at the request of the United States in a location that does not provide access to this court. It is further

ORDERED that respondents, their agents, servants, employees, confederates, and any persons acting in concert or participation with them, or having actual or implicit knowledge of this Order by personal service or otherwise, shall provide this court and counsel for petitioners with thirty days' written advance notice of any transfer or removal of the detained petitioner from United States custody at Guantanamo Bay. It is further

ORDERED that, given the ongoing conduct of combatant status review tribunals, respondents shall file within 30 days of the entry of this Order a factual return relating to the detained petitioner.

-5-

SIGNED this 6th day of June, 2005.


_____/s/_____
RICHARD W. ROBERTS
United States District Judge

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

JAMIL EL-BANNA <u>et</u> <u>al</u>.,    )
                             )
     Petitioners,    )
                             )
        v.           )     Civil Action No. 04-1144 (RWR)
                             )
GEORGE W. BUSH <u>et</u> <u>al</u>.,   )
                             )
     Respondents.    )
                             )

HANI SALEH RASHID ABDULLAH )
<u>et</u> <u>al</u>.,
     Petitioners,
        v.           )     Civil Action No. 05-23 (RWR)
GEORGE W. BUSH <u>et</u> <u>al</u>.,
     Respondents.

ABDULLAH IBRAHIM ABDULLAH )
AL RASHAIDAN <u>et</u> <u>al</u>.,
     Petitioners,
        v.           )     Civil Action No. 05-586 (RWR)
GEORGE W. BUSH <u>et</u> <u>al</u>.,
     Respondents.

-2-

## MEMORANDUM ORDER

Petitioners Jamil El-Banna, Bisher Al-Rawi, Martin Mubanga,[1] Hani Abdullah, Rami Al-Oteibi,[2] and Abdullah Al Rashaidan,[3] in three separate cases seek writs of habeas corpus, challenging the legality of their detention by the United States at Guantanamo Bay Naval Base, Cuba.  Respondents moved for a stay of proceedings in each case pending resolution of the appeals in In re Guantanamo Detainee Cases, — F. Supp. 2d —, 2005 WL 195356 (D.D.C. Jan. 31, 2005), appeal docketed, No. 05-8003 (D.C. Cir. March 10, 2005), and Boumediene v. Bush et al., — F. Supp. 2d —, 2005 WL 100924 (D.D.C. Jan. 19, 2005), appeal docketed, No. 05-5062 (D.C. Cir. March 10, 2005).  A primary purpose of a stay pending resolution of the issues on appeal is to preserve the status quo among the parties.  Washington Area Metro. Transit Comm'n v. Holiday Tours, Inc., 559 F.2d 841, 844 (D.C. Cir. 1977) (a stay pending appeal is preventative or protective, and seeks to maintain the status quo pending a final determination of issues on appeal); see Warm Springs Dam Task Force v. Gribble, 417 U.S. 1301, 1310 (1974) (granting stay pending appeal to

---

[1]   Petitioner-detainees in Civil Action No. 04-1144.

[2]   Petitioner-detainees in Civil Action No. 05-23.

[3]   Petitioner-detainee in Civil Action No. 05-586.

-3-

maintain the status quo between the parties).  In Civil Action
No. 04-1144, Judge Joyce Hens Green entered a stay order on
February 3, 2005.  (Dkt. # 122.)  In Civil Action No. 05-23, a
stay was entered on March 16, 2005 that nevertheless allowed
petitioners to seek from this court emergency relief in
appropriate circumstances, such as when petitioners reasonably
believe they will be removed from the jurisdiction of this court.
(Dkt. # 16).[4]  In Civil Action No. 05-586, respondents' motion to
stay the proceedings is pending.

     In each action, petitioners have moved for a preliminary
injunction to enjoin respondents from transferring any of the
petitioner-detainees from United States custody at Guantanamo Bay
Naval Base to any other location or any other custodian without
providing 30 days notice of the intended transfer or removal.
Petitioners fear that respondents may involuntarily "render" the
detainees to other countries, where they may be subject to
continued detention without due process of law or to mental or
physical abuse, and, by means of transfer, divest this court of
jurisdiction either as a practical or legal matter.  Respondents
oppose petitioners' motions for a preliminary injunction.

---

     [4]  A protective order was entered in that case on the same
day.  (Dkt. # 17.)

-4-

Petitioners' fears do not appear fanciful. Petitioners cite
to a report of an investigative journalist describing the
rendition of several named individuals who have been transferred
in and out of United States custody, a practice respondents have
not denied in these proceedings. Further, respondents concede
they have transferred custody of many Guantanamo detainees to
foreign sovereigns and assert that such transfer divests this
court of jurisdiction over pending habeas corpus petitions.
Another press report cited by petitioners, and not denied by
respondents, indicates that respondents either have, or had,
plans to accelerate the transfer of Guantanamo detainees to other
sovereigns and other locations.

The outcome petitioners fear, if realized, would improperly
subvert the court's ability to adjudicate these actions on their
merits. See Rasul v. Bush, 124 S. Ct. 2686, 2698 (2004) ("We
therefore hold that [28 U.S.C.] § 2241 confers on the District
Court jurisdiction to hear petitioners' habeas corpus challenges
to the legality of their detention at the Guantanamo Bay Naval
Base."). Furthermore, such a result would nullify the stay's
purpose of preserving the status quo between the parties.

"It is well established that 'the federal courts may and
should take such action as will defeat attempts to wrongfully
deprive parties entitled to sue in the Federal courts for the

-5-

protection of their rights in those tribunals.'" <u>Abu Ali v.
Ashcroft</u>, 350 F. Supp. 2d 28, 54 (D.D.C. 2004) (quoting <u>Alabama
Great S. R. Co. v. Thompson</u>, 200 U.S. 206, 218 (1906)).   In
addition, a court may, in appropriate situations, specify
protective conditions in balancing the hardship necessarily
imposed on the party whose suit or execution of judgment has been
stayed pending appeal.   <u>Cooks v. Fowler</u>, 459 F.2d 1269, 1272-73 &
n.27 (D.C. Cir. 1971) (affirming condition of stay requiring
tenant appealing judgment to deposit funds in court registry
pending appeal); <u>see also</u>, <u>City of Portland, Or. v. Federal
Maritime Comm'n</u>, 433 F.2d 502, 504 (D.C. Cir. 1970) (directing
the proponent of a stay in a case challenging shippers' exclusion
of one city's port from service to "be prepared to state reasons
why this court should not impose a conditional stay requiring the
rotation of service among the ports involved pending final review
and determination."); <u>Scott v. Scott</u>, 382 F.2d 461, 462 (D.C.
Cir. 1967) (discussing a stay of execution of judgment
conditioned upon support payments); <u>Center for Int'l
Environmental Law v. Office of the U.S. Trade Rep.</u>, 240 F. Supp.
2d 21, 23 (D.D.C. 2003) (conditioning stay pending appeal on
party seeking an expedited appeal).   Where, as here, the
condition imposed on the proponent of the stay is "neither heavy
nor unexpected," imposing a protective condition is well within a

-6-

court's discretion. <u>Cooks v. Fowler</u>, 459 F.2d at 249 (quoting

<u>Bell v. Tsintolas Realty Co.</u>, 430 F.2d at 482 (D.C. Cir. 1970)

(stating "[w]e have little doubt that . . . [a court] may fashion

an equitable remedy to avoid placing one party at a severe

disadvantage during the period of litigation")).

> Therefore, here

> the court will "guard against depriving the processes
> of justice of their suppleness of adaptation to varying
> conditions." <u>Landis v. North American Co.</u>, 299 U.S.
> 248, 256 (1936). Coextensive with a district court's
> inherent power to stay proceedings is the power to
> craft a stay that balances the hardships to the
> parties. <u>Id</u>. at 255 (noting concern regarding a stay
> causing "even a fair possibility . . . [of] damage to
> some one else."); <u>see</u> <u>also</u> <u>Clinton v. Jones</u>, 520 U.S.
> 681, 707 (1997) (noting that "burdens [to the parties]
> are appropriate matters for the District Court to
> evaluate in its management of the case.").

<u>Al-Oshan v. Bush</u>, Civil Action No. 05-520 (D.D.C. Mar. 31, 2005)

(Urbina, J.) (Order, Dkt. # 12). Accordingly, it is hereby

ORDERED that respondents' motion for a stay in Civil Action

No. 05-586 (Dkt. # 5) be, and hereby is, GRANTED in part and

DENIED in part. The proceedings in Civil Action No. 05-586 are

STAYED pending resolution of the appeals pending before the

United States Court of Appeals for the District of Columbia

Circuit, in <u>In re Guantanamo Detainee Cases</u> and <u>Boumediene v.

Bush et al.</u>, except that petitioners in Civil Action Nos. 04-1144

and 05-586 may seek emergency relief from this court in

-7-

appropriate circumstances, such as when petitioners have reason
to believe that they are facing the possibility of continued
detention at the request of the United States in a location that
does not provide access to this court.  It is further

ORDERED that in all three cases captioned above,
respondents, their agents, servants, employees, confederates, and
any persons acting in concert or participation with them, or
having actual or implicit knowledge of this Order by personal
service or otherwise, may not transfer or remove the detained
petitioners from United States custody at Guantanamo Bay unless
this court and counsel for petitioners receive thirty days'
advance notice of such transfer or removal.  It is further

ORDERED that, given the ongoing conduct of combatant status
review tribunals, respondents shall file factual returns relating
to each detained petitioner within 30 days after entry of a
protective order in that petitioner's action, unless such returns
have been filed already.  It is further

ORDERED that the motions for a preliminary injunction in all
three cases captioned above (Dkt. # 128, Civil Action No. 04-
1144; Dkt. # 15, Civil Action No. 05-23; Dkt. # 3, Civil Action
No. 05-586) be, and hereby are, DENIED as moot.

-8-

SIGNED this 8th day of April, 2005.

                                        _____/s_____
                                        RICHARD W. ROBERTS
                                        United States District Judge

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

MOHAMMEDOU OULD SALAHI,            :
                                  :
          Plaintiff,              :
                                  :
     v.                           :  Civil Action No. 05-0569 (JR)
                                  :
GEORGE W. BUSH, *et al.*,         :
                                  :
          Defendants.             :

**ORDER**

Respondents' motion for a stay [4] is **granted.**
Petitioners having submitted themselves to the jurisdiction of
this Court, and the Court having asserted <u>in personam</u>
jurisdiction, <u>see</u> <u>Rasul v. Bush</u>, 124 S.Ct. 2686 (2004), the stay
will apply to all proceedings applicable to the petitioners,
including without limitation their release, repatriation, or
rendition, and it will remain in effect until further order of
the Court.  Petitioners' motion for an order requiring 30 days
advance notice of their intended removal [3] is accordingly
unnecessary and is **denied.  IT IS SO ORDERED.**

                              JAMES ROBERTSON
                         United States District Judge