# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

```
----------------------------------------------------------------- x
                                                                   :
HAYAL AHMED AZIZ AL-MITHALI,                                       :
                                                                   :
ALI AZIZ AHMED AL-MITHALI,                                         :
    as Next Friend of Hayal Ahmed                                  :
    Aziz Al-Mithali,                        Civil Action No. 05-cv-2186
                                                   :    (ESH)
        Petitioners,                               :
                                                   :
v.                                                 :
                                                   :
GEORGE W. BUSH, et al.,                            :
                                                   :
        Respondents.                               :
                                                   :
----------------------------------------------------------------- x
```

**PETITIONERS' STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION FOR
AN ORDER REQUIRING RESPONDENTS TO PRESERVE ALL
MATERIALS, DOCUMENTS AND INFORMATION REGARDING
OR RELATED TO PETITIONER AL-MITHALI**

# TABLE OF AUTHORITIES

## FEDERAL CASES

*Abdah v. Bush,*
   04-C 2005 U.S. Dist. LEXIS 17189 (D.D.C. June 10, 2005) ...................................3, 5, 6

*Al-Marri v. Bush,*
   2004-C 2005 U.S. Dist. LEXIS 17195 (D.D.C. Mar. 7, 2005)...............................3, 4, 5

*Ditlow v. Shultz,*
   517 F.2d 199 (D.C. Cir. 1975) .........................................................................................3

*El-Banna v. Bush,*
04-CV-1144, 2005 WL 1903561, 1 (Jul. 18, 2005)....................................................4, 5, 6

*Harris v. Nelson,*
   394 U.S. 286 (1969) ......................................................................................................4, 5

*Pueblo of Laguna v. U.S.,*
   60 Fed. Cl. 133 (2004) ......................................................................................................3

*Slahi v. Bush,*
   05-CV-881, 2005 WL 1903682, *1 (D.D.C. Jul. 18, 2005)..........................................5, 6

## FEDERAL STATUTES

28 U.S.C. § 1651..................................................................................................................5

28 U.S.C. § 2254..................................................................................................................5

## MISCELLANEOUS

The Rules Governing § 2254 ...............................................................................................5

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA**

---------------------------------------------------------------------- x
                                                                       :
**HAYAL AHMED AZIZ AL-MITHALI,**
                                                                       :
**ALI AZIZ AHMED AL-MITHALI,**
    **as Next Friend of Hayal Ahmed**
    **Aziz Al-Mithali,**                             :     **Civil Action No. 05-cv-2186**
                                                                       :     **(ESH)**
      *Petitioners*,
                                                                       :
**v.**
                                                                       :
**GEORGE W. BUSH,** *et al.,*
                                                                       :
      *Respondents.*
                                                                       :
---------------------------------------------------------------------- x


**PETITIONERS' STATEMENT OF POINTS AND
AUTHORITIES IN SUPPORT OF THEIR MOTION FOR
AN ORDER REQUIRING RESPONDENTS TO PRESERVE ALL
MATERALS, DOCUMENTS AND INFORMATION REGARDING
OR RELATED TO PETITIONER AL-MITHALI**

Petitioner Hayal Ahmed Aziz Al-Mithali ("Petitioner Al-Mithali") by and through his

next friend Ali Aziz Ahmed Al-Mithali ("Next Friend Al-Mithali") (collectively "Petitioners"),

respectfully move this Court for an order requiring Respondents to preserve and maintain all

material, documents and information in Respondents' possession, custody or control regarding or

related to Petitioner Al-Mithali, including, but not limited to, documents regarding or related to:

    (i)      Petitioner Al-Mithali's apprehension;
    (ii)     Petitioner Al-Mithali's detention;
    (iii)    Petitioner Al-Mithali's statements;
    (iv)    interrogations of Petitioner Al-Mithali;
    (v)     Petitioner Al-Mithali's medical and psychological health and any treatment
           received; and
    (vi)    Petitioner Al-Mithali's proceedings before the Combatant Status Review Tribunal
           or Annual Review Board and preparation for such proceedings.

Pursuant to Local Civil Rule 7(m), counsel for Petitioners conferred with counsel for Respondents via telephone and e-mail regarding this motion, and Respondents' counsel indicated that they would not consent to the relief requested.

## PRELIMINARY STATEMENT

Petitioner Al-Mithali has been detained at the United States Naval Base at Guantanamo Bay ("Guantanamo") for nearly four years. Petitioner Al-Mithali's habeas petition raises serious challenges to the legality of his detention and treatment by Respondents, and all evidence regarding Petitioner Al-Mithali's habeas claims is in Respondents' custody and control. Because Respondents may argue that the Federal Rules of Civil Procedure regarding discovery and the attendant obligations to preserve evidence may not apply in habeas actions absent action by the Court, and in light of reports that spoliation of material related to detainee treatment may have occurred, an order requiring the preservation of relevant documents is critical to the fair adjudication of this case. The requested relief does not unduly burden Respondents, as it imposes no greater burden on Respondents than the typical obligations of a litigant in a civil action.

Although a stay is in effect in this action, Petitioners respectfully submit that entry of the proposed order is not inconsistent with the stay since the proposed order merely preserves evidence and maintains the status quo, and respectfully request that the Court consider this motion. Due to the stay, some time will pass before any discovery will occur. A preservation order will maintain the status quo until such time as the stay is lifted and this Court determines the degree of discovery appropriate in this action.

## PROCEDURAL BACKGROUND

On November 7, 2005, Petitioners filed a Petition for Issuance of a Writ of Habeas Corpus. On November 10, 2005, Petitioners moved for the immediate issuance of a writ of

habeas corpus requiring Respondents to release Petitioner or establish the basis for his detention by producing his factual return. On November 15, 2005, Respondents moved for a stay pending resolution of appeals in other habeas actions brought by detainees at Guantanamo. On November 18, 2005, Petitioners moved for a preliminary order enjoining Petitioner Al-Mithali's transfer or, in the alternative, requiring thirty-days' notice prior to a transfer. On December 20, 2005, the Court imposed a stay pending resolution of related appeals, and ordered Respondents to provide Petitioner's counsel with the factual return regarding his detention within ninety days.

## ARGUMENT

A court may enter a preservation order if there is substantial concern that evidence may be damaged or destroyed, the party seeking the evidence may be irreparably harmed if the evidence is damaged or destroyed, and the burden on the party required to preserve the evidence is not great. *See Ditlow v. Shultz,* 517 F.2d 166, 173-74 n.31 (D.C. Cir. 1975); *Pueblo of Laguna v. United States,* 60 Fed. Cl. 133 & n. 8 (2004).[1]

**I.      A PRESERVATION ORDER IS NECESSARY TO PREVENT IRREPARABLE HARM TO PETITIONER AL-MITHALI.**

**A.      Respondents Are In Sole Possession Of All Evidence Relevant to Petitioners' Claims.**

Petitioner Al-Mithali's habeas petition raises serious and substantial issues regarding the basis for his detention and treatment by Respondents. Respondents have complete control over all information related to all detainees at Guantanamo and the bases for their confinement. The Court has ordered Respondents to produce the factual return for Petitioner Al-Mithali to his counsel by April 20, 2006, but Respondents may also have custody or control of additional information related to Petitioner Al-Mithali of which Petitioners are unaware. Those materials

---

[1] Although a preservation order is similar to a preliminary injunction in that it requires a party to perform or refrain from certain actions, the standard described above is applied rather than the four-part analysis used for preliminary injunctions. *See Abdah v. Bush*, 04-CV-1254, 2005 U.S. Dist. LEXIS 17189 (D.D.C. June 10, 2005); *Al-Marri v. Bush*, 2004-CV-2035, 2005 U.S. Dist. LEXIS 17195 (D.D.C. Mar. 7, 2005).

3

may be crucial to Petitioners' ability to present fully their habeas petition to this Court for

consideration, but absent an order from this Court, Respondents may not have an obligation to

preserve that information.

**B.    Absent A Preservation Order, Respondents May Not Be Obligated To Preserve All Documents Regarding Petitioner Al-Mithali.**

Respondents may argue that not all of the discovery provisions of the Federal Rules of

Civil Procedure apply to federal habeas corpus proceedings, in part "because their specific

provisions are ill-suited to the special problems and character of [habeas] proceedings." *Harris*

*v. Nelson,* 394 U.S. 286, 296 (1969). Because Respondents may argue that the discovery

provisions do not necessarily apply in a habeas action, "the preservation obligations that flow to

a litigant from the federal discovery rules cannot be presumed to apply to habeas litigants absent

some express application by a court." *El-Banna v. Bush,* 04-CV-1144, 2005 WL 1903561, *1

(D.D.C. Jul. 18, 2005). Absent action by the Court, Respondents may not have an obligation to

preserve evidence relevant to Petitioner Al-Mithali's habeas claims.

**C.    Spoliation Of Evidence May Have Occurred.**

Among the documents produced by the government in connection with a Freedom of

Information Act suit filed by the ACLU is a highly redacted FBI document titled Urgent Report,

dated June 25, 2004, which contained reports of abuse of detainees in Iraq by military

interrogators (attached hereto as Exhibit A). The Urgent Report stated that "[redacted] was

providing this information to the FBI based on his knowledge that [redacted] were engaged in a

cover-up of these abuses. He stated these cover-up efforts included [redacted]." Given the

redactions, it is impossible to know whether that "cover up" included the destruction or alteration

of documents.

4

## II.    THIS COURT HAS THE AUTHORITY
## TO GRANT THE REQUESTED RELIEF.

Although Respondents may argue that the discovery provisions of the Federal Rules of Civil Procedure may not apply to this action, the Court may, pursuant to its own discretion and the All Writs Act, 28 U.S.C. § 1651, "fashion appropriate modes of procedure, by analogy to existing rules or otherwise in conformity with judicial usage" to permit a habeas petitioner to develop the facts necessary to support the claims in his petition. *Harris,* 394 U.S. at 299.[2] Pursuant to that authority, this Court may issue an order requiring Respondents to preserve all relevant documents. *See, e.g., Slahi v. Bush,* 05-CV-881, 2005 WL 1903682, *1 (D.D.C. Jul. 18, 2005); *El-Banna,* 2005 WL 1903561 at *1.

### A.    Courts Have Already Issued Orders Requiring Respondents
### To Preserve Evidence Of Mistreatment of All Detainees.

Respondents are already obligated to preserve evidence regarding Petitioner Al-Mithali's treatment while detained.  Orders issued in two other actions require Respondents to preserve "all evidence and information regarding the torture, mistreatment, and abuse of detainees now at the Guantanamo Bay detention facility." *Al-Marri v. Bush*, 04-CV-2035, 2005 U.S. Dist. LEXIS 17195, *2 (D.D.C. Mar. 7, 2005); *Abdah*, 04-CV-1254, 2005 U.S. Dist. LEXIS 17189 at *5; *see also El-Banna,* 2005 WL 1903561 at *2-3.  However, while these orders require Respondents to preserve documents related to the treatment of Petitioner Al-Mithali, they do not require Respondents to preserve documents related to the basis for his detention or other information relevant to his habeas claims, so a separate preservation order is necessary here requiring preservation of all documents regarding or related to Petitioner Al-Mithali, including, but not limited to, documents regarding or related to:

---

[2] This authority has been codified with respect to habeas actions by persons challenging detention by a state under 28 U.S.C. § 2254.  Rule 6(a) of The Rules Governing § 2254 Cases states that "[a] party shall be entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so."

(i)     Petitioner Al-Mithali's apprehension;
(ii)    Petitioner Al-Mithali's detention;
(iii)   Petitioner Al-Mithali's statements;
(iv)    interrogations of Petitioner Al-Mithali;
(v)     Petitioner Al-Mithali's medical and psychological health and any treatment received; and
(vi)    Petitioner Al-Mithali's proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

**B.    A Preservation Order Will Not Be Unduly Burdensome For Respondents.**

Extending Respondents' ongoing obligation with respect to information regarding Petitioner Al-Mithali's treatment to encompass all documents regarding Petitioner Al-Mithali is not unduly burdensome. The requested order "imposes no greater obligation on respondents than the federal discovery rules' preservation obligations impose on a litigant in a typical lawsuit." *El-Banna,* 2005 WL 1903561 at *2. Respondents have presumably already established procedures for preserving this material as other courts in this judicial district have granted similar relief. *See, e.g., El-Banna,* 2005 WL 1903561 at *3 (granting preservation order with regard to particular individual Guantanamo detainee petitioner); *Slahi,* 2005 WL 1903682 at *2 (same).

**CONCLUSION**

A preservation order is necessary "to ensure the fairness and completeness of any evidentiary hearing" ultimately held in Petitioners' habeas proceeding, because *i*) Respondents have sole possession of the evidence relevant to Petitioners' habeas claims; *ii*) Respondents may have no obligation to preserve that evidence; and *iii*) employees of Respondents may have already destroyed evidence related to detainee mistreatment. *See Slahi,* 2005 WL 1903682 at *1 (noting the necessity of a preservation order in habeas proceedings, especially when "there has been no full disclosure of the facts on the public record to authorize the challenged detention").

A preservation order should be issued despite the stay entered in this case because, like the stay, a preservation order will maintain the status quo between the parties until such time as

the stay is lifted and the Court can determine what material is properly subject to discovery. *See, e.g., Abdah,* 2005 U.S. Dist. LEXIS 17189 at *4-5 ("the court finds entry of a protective order appropriate in light of the purpose animating Judge Green's February 3, 2005 stay order, namely to preserve the status quo pending resolution of appeals").

For these reasons, Petitioners respectfully request that the Court enter an order requiring Respondents to preserve and maintain all material, documents and information in Respondents' possession, custody or control regarding or related to Petitioner Al-Mithali.

22098974v1

Dated: December 21, 2005

Respectfully submitted,

Counsel for Petitioner

/s/_____
 John B. Missing (Bar No. 425469)
Jennifer C. Argabright (Bar No. 480763)
DEBEVOISE & PLIMPTON LLP
555 13th Street, N.W.
Washington, D.C. 20004-1169
Tel: (202) 383 8000
Fax: (202) 383 8118


Jeffrey I. Lang (D.D.C. *pro hac vice*)
Jennifer R. Cowan (D.D.C. *pro hac vice* pending)
Ellen A. Hochberg (D.D.C. *pro hac vice*)
Philip Rohlik
Tatia L. Miller
DEBEVOISE & PLIMPTON LLP
919 Third Avenue
New York, NY 10022
Tel: (212) 909-6000
Fax: (212) 909-6836


*Of Counsel*
 Barbara Olshansky
CENTER FOR CONSTITUTIONAL RIGHTS
666 Broadway, 7th Floor
New York, New York 10012
Tel: (212) 614-6439
Fax: (212) 614-6499

8

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

---------------------------------------------------------------- x

HAYAL AHMED AZIZ AL-MITHALI,    :

ALI AZIZ AHMED AL-MITHALI,    :
    as Next Friend of Hayal Ahmed
    Aziz Al-Mithali,    :
                            **Civil Action No. 05-cv-2186**
      *Petitioners*,    :    **(ESH)**

v.    :

GEORGE W. BUSH, *et al.*,    :

    *Respondents.*    :

---------------------------------------------------------------- x

### [PROPOSED] ORDER

    For the reasons set forth in Petitioners' Statement Of Points And Authorities In Support Of Their Motion For An Order Requiring Respondents To Preserve All Material, Documents And Information Regarding Or Related To Petitioner Al-Mithali, it is hereby:

    **ORDERED** that Petitioners' Motion For An Order Requiring Respondents To Preserve All Material, Documents And Information Regarding Or Related To Petitioner Al-Mithali is **GRANTED**; and

    **IT IS FURTHER ORDERED** that Respondents preserve and maintain all material, documents and information in Respondents' possession, custody or control regarding or related to Petitioner Al-Mithali, including, but not limited to, documents regarding or related to::

(i)      Petitioner Al-Mithali's apprehension;
(ii)    Petitioner Al-Mithali's detention;
(iii)   Petitioner Al-Mithali's statements;
(iv)   interrogations of Petitioner Al-Mithali;
(v)    Petitioner Al-Mithali's medical and psychological health and any treatment received; and
(vi)   Petitioner Al-Mithali's proceedings before the Combatant Status Review Tribunal or Annual Review Board and preparation for such proceedings.

i

_____

December __, 2005

_____

Ellen S. Huvelle
United States District Judge