IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| HA'IL AZIZ AHMAD AL MAYTHAL, )<br>)<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>GEORGE W. BUSH, et al., )<br>)<br>Respondents. )<br>) | Civil Action No. 05-2186 (JDB) |

## DECLARATION OF TERESA A. McPALMER

Pursuant to 28 U.S.C. § 1746, I, Commander Teresa A. McPalmer, Judge Advocate General's Corps, United States Navy, hereby state that to the best of my knowledge, information, and belief, the following is true, accurate and correct:

1. I am the Legal Advisor to the Office for the Administrative Review of the Detention of Enemy Combatants at U.S. Naval Base Guantanamo Bay, Cuba (OARDEC). In that capacity I am an advisor to the Director, Combatant Status Review Tribunals.

2. I hereby certify that the documents attached hereto constitute a true and accurate copy of the portions of the record of proceedings before the Combatant Status Review Tribunal related to petitioner Ha'il Aziz Ahmad al Maythal that are suitable for public release. The portions of the record that are classified or considered law enforcement sensitive are not attached hereto or were redacted by an OARDEC staff member. This staff member also redacted information that would personally identify certain U.S. Government personnel in order to protect the personal privacy and security of those individuals.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: 15 February 2006

Teresa A. McPalmer
CDR, JAGC, U. S. Navy



# Department of Defense
## Director, Combatant Status Review Tribunals

OARDEC/Ser: 696

16 JAN 2005

FOR OFFICIAL USE ONLY

From: Director, Combatant Status Review Tribunal

Subj: **REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN # 840**

Ref: (a) Deputy Secretary of Defense Order of 7 July 2004
(b) Secretary of the Navy Order of 29 July 2004

1. I concur in the decision of the Combatant Status Review Tribunal that Detainee ISN #840 meets the criteria for designation as an Enemy Combatant, in accordance with references (a) and (b).

2. This case is now considered final and the detainee will be scheduled for an Administrative Review Board.

J. M. McGARRAH
RADM, CEC, USN

Distribution:
NSC (Mr. John Bellinger)
DoS (Ambassador Prosper)
DASD-DA
JCS (J5)
SOUTHCOM (CoS)
COMJTFGTMO
OARDEC (Fwd)
CITF Ft Belvoir

FOR OFFICIAL USE ONLY

12 Jan 05

MEMORANDUM

From: Assistant Legal Advisor
To:   Director, Combatant Status Review Tribunal
Via:  Legal Advisor

Subj: LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL FOR DETAINEE ISN #840

Ref:  (a) Deputy Secretary of Defense Order of 7 July 2004
      (b) Secretary of the Navy Implementation Directive of 29 July 2004

Encl: (1) Appointing Order for Tribunal #15 of 12 Oct 2004
      (2) Record of Tribunal Proceedings

1. Legal sufficiency review has been completed on the subject Combatant Status Review Tribunal in accordance with references (a) and (b). After reviewing the record of the Tribunal, I find that:

   a. The detainee was properly notified of the Tribunal process and voluntarily elected to affirmatively decline participation in the CSRT. However, the detainee did request that his Personal Representative provide detainee's responses to questions posed by the CSRT, which correlated to each finding contained Exhibit R-1, paragraph 3. *See* Enclosure (3). The CSRT regarded detainee's responses, as relayed by the Personal Representative, as an unsworn statement. *See* Enclosure (1).

   b. The Tribunal was properly convened and constituted by enclosure (1).

   c. The Tribunal substantially complied with all provisions of references (a) and (b). However, Exhibit D-A specifically notes that the CSRT procedure was read to, or by, the detainee. The Personal Representative also signed the Detainee's Election Form. *See* Exhibit D-A. Therefore, this error appears to have had no effect on the detainee's rights, nor on the determination made by the CSRT.

   d. Note that some information in exhibits R-3 through R-4 was redacted. The FBI properly certified in exhibit R-2 that the redacted information would not support a determination that the detainee is not an enemy combatant.

   e. Exhibits R-3 through R-5 contain handwritten notes in the margins. These notes appear to be aids in directing the Tribunal to the source of information contained in the Unclassified Summary provided to the detainee. These notes do not alter the evidence, nor do they affect the legal sufficiency of the evidence.

Subj:   LEGAL SUFFICIENCY REVIEW OF COMBATANT STATUS REVIEW TRIBUNAL
FOR DETAINEE ISN # 840

    f. The detainee did not request that any witnesses or evidence be produced.

    g. The Tribunal's decision that detainee #840 is properly classified as an enemy combatant was unanimous.

    h. The detainee's Personal Representative was given the opportunity to review the record of proceedings, and declined to submit post-tribunal comments to the Tribunal.

2. The proceedings and decision of the Tribunal are legally sufficient and no corrective action is required.

3. I recommend that the decision of the Tribunal be approved and the case be considered final.

                                      KAREN M. GIBBS
                                      CDR, JAGC, USNR



**HEADQUARTERS, OARDEC FORWARD**
GUANTANAMO BAY, CUBA
APO AE 09360

30 November 2004

MEMORANDUM FOR DIRECTOR, CSRT

FROM: OARDEC FORWARD Commander

SUBJECT: CSRT Record of Proceedings ICO ISN# 840

1. Pursuant to Enclosure (1), paragraph (I)(5) of the *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba* dated 29 July 2004, I am forwarding the Combatant Status Review Tribunal Decision Report for the above mentioned ISN for review and action.

2. If there are any questions regarding this package, point of contact on this matter is the undersigned at DSN ███.

CHARLES E. JAMISON
CAPT, USN



# Department of Defense
### Director, Combatant Status Review Tribunals

12 Oct 04

From: Director, Combatant Status Review Tribunals

Subj: APPOINTMENT OF COMBATANT STATUS REVIEW TRIBUNAL #15

Ref: (a) Convening Authority Appointment Letter of 9 July 2004

By the authority given to me in reference (a), a Combatant Status Review Tribunal established by "Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba" dated 29 July 2004 is hereby convened. It shall hear such cases as shall be brought before it without further action of referral or otherwise.

The following commissioned officers shall serve as members of the Tribunal:

MEMBERS:

■■■■■■■■■■■■■ Colonel, U.S. Air Force; President

■■■■■■■■■■■■■ Lieutenant Colonel, U.S. Air Force; Member
(JAG)

■■■■■■■■■■■■■ Lieutenant Commander, U.S. Navy; Member

*[signature]*

J. M. McGARRAH
Rear Admiral
Civil Engineer Corps
United States Navy

SECRET//NOFORN//X1

## (U) Combatant Status Review Tribunal Decision Report Cover Sheet

(U) This Document is UNCLASSIFIED Upon Removal of Enclosures (2) and (4).

(U) TRIBUNAL PANEL: __#15__

(U) ISN#: __840__

Ref: (a) (U) Convening Order for Tribunal #15 of 12 October 2004 (U)
(b) (U) CSRT Implementation Directive of 29 July 2004 (U)
(c) (U) DEPSECDEF Memo of 7 July 2004 (U)

Encl: (1) (U) Unclassified Summary of Basis for Tribunal Decision (U/FOUO)
(2) (U) Classified Summary of Basis for Tribunal Decision (S/NF)
(3) (U) Summary of Detainee/Witness Testimony (U/FOUO)
(4) (U) Copies of Documentary Evidence Presented (S/NF)
(5) (U) Personal Representative's Record Review (U/FOUO)

1. (U) This Tribunal was convened by references (a) and (b) to make a determination as to whether the detainee meets the criteria to be designated as an enemy combatant as defined in reference (c).

2. (U) On 1 November 2004 the Tribunal determined, by a preponderance of the evidence, that Detainee #840 is properly designated as an enemy combatant as defined in reference (c).

3. (U) In particular, the Tribunal finds that this detainee is a member of, or affiliated with, al Qaida or the Taliban, as more fully discussed in the enclosures.

4. (U) Enclosure (1) provides an unclassified account of the basis for the Tribunal's decision. A detailed account of the evidence considered by the Tribunal and its findings of fact are contained in enclosures (1) and (2).

[signature redacted] Colonel, USAF
Tribunal President

DERV FM: Multiple Sources
DECLASS: XI

SECRET//NOFORN//X1

# UNCLASSIFIED SUMMARY OF BASIS FOR TRIBUNAL DECISION

(Enclosure (1) to Combatant Status Review Tribunal Decision Report)

TRIBUNAL PANEL: #15
ISN #: 840

## 1. Introduction

As the Combatant Status Review Tribunal (CSRT) Decision Report indicates, the Tribunal has determined that this detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida or the Taliban. In reaching its conclusions, the Tribunal considered both classified and unclassified information. The following is an account of the unclassified evidence considered by the Tribunal and other pertinent information. Classified evidence considered by the Tribunal is discussed in Enclosure (2) to the CSRT Decision Report.

## 2. Synopsis of Proceedings

The unclassified evidence presented to the Tribunal by the Recorder indicated that the detainee traveled from Yemen to Afghanistan in November 2000 to fight the Jihad. While in Afghanistan he received housing and combat arms training at various al Qaida facilities. The detainee also assisted the Taliban in front line action near Kabul. The detainee considered participating in the Tribunal process when contacted by his Personal Representative (PR). During a follow-up interview with the PR, the detainee stated he did not want to attend the hearing and requested the PR present the detainee's responses to the unclassified evidence made during their interviews. The PR presented the detainee's unsworn statements which confirmed that the detainee traveled to Afghanistan to fight the Jihad and that he stayed in Taliban guesthouses. The detainee stated he only admitted to receiving combat training while in Afghanistan to end physical torture by Pakistani authorities. He continued this admission for fear of torture even after his transfer from Pakistan to US custody. The detainee changed his admission of combat training after he found out he would not be hurt or tortured in the US. He now denies ever receiving any military training. The detainee claimed his work in Afghanistan was to bring supplies to the front line during a one-week period. He did not participate in any fighting but admitted to receiving a weapon. The detainee's allegations of torture were forwarded to the appropriate authorities, in accordance with CSRT policy. The Tribunal President's evidentiary and witness rulings are explained below.

## 3. Evidence Considered by the Tribunal

The Tribunal considered the following evidence in reaching its conclusions:

    a. Exhibits: D-a and R-1 through R-18.

    b. Testimony of the following persons: none

    c. Sworn statement of the detainee provided by the Personal Representative.



## 4. Rulings by the Tribunal on Detainee Requests for Evidence or Witnesses

The Detainee requested no witnesses; no ruling was required.

The Detainee requested no additional evidence be produced: no ruling was required.

## 5. Discussion of Unclassified Evidence

The Tribunal considered the following unclassified evidence in making its determinations:

    a. The recorder offered Exhibits R-1 and R-2 into evidence during the unclassified portion of the proceeding. Exhibit R-1 is the Unclassified Summary of Evidence. While this summary is helpful in that it provides a broad outline of what the Tribunal can expect to see, it is not persuasive in that it provides conclusory statements without supporting unclassified evidence. Exhibit R-2 provided no usable evidence. Accordingly, the Tribunal had to look to classified exhibits for support of the Unclassified Summary of Evidence.

    b. Essentially the only unclassified evidence the Tribunal had to consider was the detainee's unsworn statements to the Personal Representative during his interviews with the detainee. A summarized transcript of the detainee's unsworn statements is attached as CSRT Decision Report Enclosure (3). In sum, the statements confirmed that the detainee traveled to Afghanistan to fight the Jihad and that he stayed in Taliban guesthouses. The detainee stated he only admitted to receiving combat training while in Afghanistan to end physical torture by Pakistani authorities. He continued this admission for fear of torture even after his transfer from Pakistani to US custody. The detainee changed his admission of combat training after he found out he would not be hurt or tortured in the US. He now denies ever receiving any military training. The detainee claimed his work in Afghanistan was to bring supplies to the front line during a one-week period. He did not participate in any fighting but admitted to receiving a weapon.

The Tribunal also relied on certain classified evidence in reaching its decision. A discussion of the classified evidence is found in Enclosure (2) to the Combatant Status Review Tribunal Decision Report.

## 6. Consultations with the CSRT Legal Advisor

No issues arose during the course of this hearing that required consultation with the CSRT legal advisor.

## 7. Conclusions of the Tribunal

Upon careful review of all the evidence presented in this matter, the Tribunal makes the following determinations:

    a. The detainee was mentally and physically capable of participating in the proceeding. No medical or mental health evaluation was deemed necessary.

    b. The detainee understood the Tribunal proceedings. The detainee chose not to participate in the Tribunal process, as indicated in Exhibit D-a. The detainee directed his Personal Representative to provide the Tribunal with his responses to the unclassified evidence.

    c. The detainee is properly classified as an enemy combatant and is a member of, or affiliated with, al Qaida or the Taliban.

## 8. Dissenting Tribunal Member's report

None. The Tribunal reached a unanimous decision.

Respectfully submitted,

███████████████████
Colonel, USAF
Tribunal President

UNCLASSIFIED / ~~FOUO~~

**Summarized Unsworn Detainee Statement**

[The detainee elected not to be present at this Tribunal]

Tribunal President: Personal Representative I understand that you have information to present to the Tribunal on the detainee's behalf.

Personal Representative: Yes sir. After the detainee looked at the unclassified evidence we went over the individual points. I will be grouping some of the points together as many of them are related.

Personal Representative: On the first two points:
3.a.1. (The detainee voluntarily traveled from Yemen to Afghanistan in November 2000 to fight the Jihad.)

3.a.2. (The detainee stayed at a Taliban guesthouse in Quetta, Pakistan during his travel to Afghanistan.)

Yes he did voluntarily travel from Yemen to Afghanistan. He noted that this was well before the September 11th 2001 attacks. He was there in November 2000 and he did admit that he went there to fight in the Jihad not against the Northern Alliance and against the Americans.

Regarding him staying in a Taliban guesthouse. Yes he did stay in a Taliban guesthouse. The Taliban was the recognized government by many countries prior to September 11th.

Personal Representative: 3.a.3 (The detainee stayed at an Al-Qaida guesthouse in Kandahar, Afghanistan.) He did stay at a guesthouse in Kandahar but had no idea or purpose or understanding that it was an Al-Qaida guesthouse. He stated many Arabs stayed there. It was before 2001 and there was no sign stating it was an Al-Qaida guesthouse.

Personal Representative: On 3.a.4. through 3.a.9. all relating to the training, I will group those together:

3.a.4. (The detainee trained at the Al-Farouq training camp.)

3.a.5. (While at the Al-Farouq camp; the detainee was trained on the Kalashnikov rifle, PK machinegun, Makarov pistol, and Rocket Propelled Grenades RPG's).)

3.a.6. (The detainee was also trained in trench digging, disguise, mountain climbing, map reading, and orienteering at Al-Farouq.)

3.a.7. (The detainee returned to the Al-Farouq camp for advanced training, which consisted of preparation for fighting and reconnaissance techniques.)

ISN #840
Enclosure (3)
Page 1 of 3

UNCLASSIFIED

3.a.8. (The detainee was at Al-Farouq on the separate occasions when Usama Bin Laden lectured.)

3.a.9. (The detainee also received training at the Kandahar airport. This training was in personal security, survival skills, how to obtain a passport without drawing attention to one's self and how to get through customs.)

The detainee stated that when he was captured and brought to the Karachi prison lots of people were being tortured. The detainee had his papers and passport going into prison. He was told that he would go home. He was taken to a prison known as the prison of darkness. At that prison there was very bad torture conducted on people in there to include the detainee. He said his testicles were disfigured to the point where they cannot be repaired and he showed me some dark scar marks on his face and said they would never heal. He said the torture was so bad that he knew by making up and agreeing to the training that it would stop the torture. When he was first brought to the United States he was terrified thinking he would be tortured. Later he found out that he would not be hurt or tortured. This was true. As a result of the lessening of the fear he told the interrogators the truth about when he was in Afghanistan.

Personal Representative: On 3.a.10. through 3.a.13.

3.a.10. (The detainee assisted the Taliban on the front lines near Kabul, Afghanistan.)

3.a.11. (The detainee stated that he fought on the front lines for one week.)

3.a.12. (The detainee was in Afghanistan during the fall of Kabul.)

3.a.13. (The detainee was arrested in a guesthouse in Karachi, Pakistan on 11 September 2002.)

The detainee stated he was in Afghanistan for one week. He was only on the front lines for one week. He had no military experience therefore he was not put on the line permanently. There was no action or no fighting and he was there out of curiosity and to stand guard.

Tribunal Member: Did he say when this was roughly?

Personal Representative: He said he went to the front line in 2000. In 3.a.10., he said yes, but he had no experience, he was at the back of the lines and his functions were to bring supplies back and forth. He assisted with bringing the supplies and went to the front line for a one-week period. But he did not fight.

In 3.a.11., it states that he fought on the front lines. The detainee stated that he did not. There was no fighting but he was given a weapon.

On 3.a.12., yes he was in Afghanistan during the fall of Kabul and was subsequently arrested in Karachi Pakistan on 11 September 2002.

## AUTHENTICATION

I certify the material contained in this transcript is a true and accurate summary of the testimony given during the proceedings.

▮▮▮▮▮▮▮▮▮▮▮▮ Col, USAF
Tribunal President

## DETAINEE ELECTION FORM

Date: 28 October 2004
Start Time: 1345 hrs
End Time: 1515 hrs

**ISN#:** 0840

**Personal Representative** ▮▮▮▮▮▮▮▮, MAJOR, USAF
**(Name/Rank)**

**Translator Required?** YES     **Language?** ARABIC

**CSRT Procedure Read to Detainee or Written Copy Read by Detainee?** YES

-----

**Detainee Election:**

[X]  Wants to Participate in Tribunal

[ ]  Affirmatively Declines to Participate in Tribunal

[ ]  Uncooperative or Unresponsive

**Personal Representative Comments:**

Detainee desires to participate in the Tribunal, but has yet to decide in what capacity (oral, written, allow PR to present on his behalf). I will ask during follow-up interview. As it stands now, plan Tribunal as if detainee will be present. There are neither witnesses nor documentary evidence to submit. Detainee was very pleasant and respectful ▮▮▮

Personal Representative: ▮▮▮▮▮▮▮▮

1 Nov 04
MFR -- PR conducted a follow-up interview with detainee 0840. Detainee stated that he does not want to participate but would like his PR to present detainee's responses to the evidence.

EXHIBIT D-A

UNCLASSIFIED

## Combatant Status Review Board

TO: Tribunal Members

FROM: OIC, CSRT (19 October 2004)

Subject: Summary of Evidence for Combatant Status Review Tribunal – AL MAYTHALI, Ha Il Aziz Ahmed

1. Under the provisions of the Secretary of the Navy Memorandum, dated 29 July 2004, *Implementation of Combatant Status Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base Cuba*, a Tribunal has been appointed to review the detainee's designation as an enemy combatant.

2. An enemy combatant has been defined as "an individual who was part of or supporting the Taliban or al Qaida forces, or associated forces that are engaged in hostilities against the United States or its coalition partners. This includes any person who committed a belligerent act or has directly supported hostilities in aid of enemy armed forces."

3. The United States Government has previously determined that the detainee is an enemy combatant. This determination is based on information possessed by the United States that indicates that he is a member of the Taliban or al-Qaida.

    The detainee is a member of the Taliban or al Qaida:

    1. The detainee voluntarily traveled from Yemen to Afghanistan in November 2000 to fight the Jihad.

    2. The detainee stayed at a Taliban guesthouse in Quetta, Pakistan during his travel to Afghanistan.

    3. The detainee stayed at an al Qaida guesthouse in Kandahar, Afghanistan.

    4. The detainee trained at the al Farouq training camp.

    5. While at the al Farouq camp; the detainee was trained on the Kalashnikov rifle, PK machine gun, Makarov pistol, and Rocket Propelled Grenades (RPG's).

    6. The detainee was also trained in trench digging, disguise, mountain climbing, map reading and orienteering at al Farouq.

    7. The detainee returned to the al Farouq camp for advanced training, which consisted of preparation for fighting and reconnaissance techniques.

    8. The detainee was at al Farouq on three separate occasions when Usama Bin Laden gave lectures.

    9. The detainee also received training at the Kandahar airport. This training was in personal security, survival skills, how to obtain a passport without drawing attention to one's self and how to get through customs.

UNCLASSIFIED

1 of 2

Exhibit R-1

    10. The detainee assisted the Taliban on the front lines near Kabul, Afghanistan.

    11. The detainee stated that he fought on the front lines for one week.

    12. The detainee was in Afghanistan during the fall of Kabul.

    13. The detainee was arrested in a guesthouse in Karachi, Pakistan on 11 September 2002.

4. The detainee has the opportunity to contest his designation as an enemy combatant. The Tribunal will endeavor to arrange for the presence of any reasonably available witnesses or evidence that the detainee desires to call or introduce to prove that he is not an enemy combatant. The Tribunal President will determine the reasonable availability of evidence or witnesses.

2 of 2

# Memorandum



| | | | |
|---|---|---|---|
| To | : | Department of Defense<br>Office of Administrative Review<br>for Detained Enemy Combatants<br>Capt. Juno Jamison, OIC, CSRT | Date 10/21/2004 |
| From | : | FBI GTMO<br>Counterterrorism Division<br>Asst. Gen. Counsel ███████ | |
| Subject | | REQUEST FOR REDACTION OF<br>NATIONAL SECURITY INFORMATION<br>███████ | |

Pursuant to the Secretary of the Navy Order of 29 July 2004, Implementation of Combatant Review Tribunal Procedures for Enemy Combatants Detained at Guantanamo Bay Naval Base, Cuba, Section D, paragraph 2, the FBI requests redaction of the information herein marked[1]. The FBI makes this request on the basis that said information relates to the national security of the United States[2]. Inappropriate dissemination of said information could damage the national security of the United States and compromise ongoing FBI investigations.

   CERTIFICATION THAT REDACTED INFORMATION DOES NOT SUPPORT A
   DETERMINATION THAT THE DETAINEE IS NOT AN ENEMY COMBATANT

The FBI certifies the aforementioned redaction contains no information that would support a determination that the detainee is not an enemy combatant.

The following documents relative to ISN 840 have been redacted by the FBI and provided to the OARDEC:

FD-302 dated 11/01/2002
FD-302 dated 04/03/2003

---

[1] Redactions are blackened out on the OARDEC provided FBI document.

[2] See Executive Order 12958

1 of 2

Exhibit R-2

UNCLASSIFIED

Memorandum from ████████ to Col. David Taylor
Re: REQUEST FOR REDACTION, 10/21/2004

    If you need additional assistance, please contact Asst. Gen. Counsel ████████████████████, ██████████ or Intelligence Analyst ██████ Intelligence Analyst ██████████████████,

-2- of 2

UNCLASSIFIED

## Personal Representative Review of the Record of Proceedings

I acknowledge that on _06_ November 2004 I was provided the opportunity to review the record of proceedings for the Combatant Status Review Tribunal involving ISN #840.

 I have no comments.

___ My comments are attached.

Name

Date: 6 Nov 04

Signature

ISN #840

Enclosure (5)