# Exhibit 2

To The Petitioners' Opposition To Respondents' Motion For Procedures Related to Review of Certain Detainee Materials

On Behalf of Petitioner,

**HAYAL AZIZ AHMED AL-MITHALI**

UNITED STATES DISTRICT COURT
DISTRICT OF COLUMBIA

------------------------------------------------------------------- x
HAYAL AZIZ AHMED AL-MITHALI, :
   Detainee, Guantánamo Bay Naval Station
   Guantánamo Bay, Cuba, :

ALI AZIZ AHMED AL-MITHALI, :
   as Next Friend of Hayal Aziz Ahmed
   Al-Mithali, :

                                             Civil Action No. 05-CV-02186
                           *Petitioners*, : (ESH)

v. :

GEORGE W. BUSH, *et al.*, :

                           *Respondents*. :
------------------------------------------------------------------- x

**DECLARATION OF JEFFREY I. LANG IN SUPPORT OF
PETITIONERS' OPPOSITION TO RESPONDENTS'
MOTION FOR PROCEDURES RELATED
TO REVIEW OF CERTAIN DETAINEE MATERIALS**

JEFFREY I. LANG declares as follows:

1.    I am counsel at the law firm of Debevoise & Plimpton LLP, counsel to Petitioner Hayal Aziz Ahmed Al-Mithali. I am a member of the bar of the State of New York and have been admitted *pro hac vice* to this Court in connection with this action. I submit this declaration based on personal knowledge except as otherwise described based on information which I have been informed and believe to be true. I submit this declaration in opposition to Respondents' Motion For Procedures Related To Review Of Certain Detainee Materials.

2. The information included in this declaration was declassified by the Privilege Review Team appointed to conduct classification reviews of material related to *habeas* petitions brought by detainees at Guantánamo.

3. On June 20, 2006, I met with Al-Mithali at the United States Naval Base at Guantánamo Bay Cuba.

4. During that visit, Al-Mithali told me that during the prior week, all of his files, documents and papers relating to this proceeding, including my firm's correspondence and legal materials we had provided to him had been seized and taken from his cell and that, despite his requests to the guards, he had not been allowed to review any of his files and papers.

5. He said that his personal items, including his legal materials, appeared to be in a box outside his cell.

6. Al-Mithali also told me that he had not been given any legal mail over the past week, even though he could see apparently recently received and unopened mail, stamped with my firm's return address, placed in the box outside of his cell.

7. Al-Mithali told me that the guards refused to provide him with the newly-received letters. He told me that he asked the guards to open the letters and hold them up outside his cell so that he could read them, but the guards refused.

3

I declare under penalty of perjury that the foregoing is true and correct.

Executed on July 21, 2006.

_____
Jeffrey I. Lang