**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

_____
                                                    )
HAYAL AZIZ AHMED AL-MITHALI,              )
                                                    )
                              Petitioner,           )
                                                    )
              v.                                    )   **Civil Action No. 05-cv-2186 (ESH)**
                                                    )
GEORGE W. BUSH *et al.*,                    )
                                                    )
                              Defendants.           )
_____)

<u>**ORDER**</u>

    Upon reviewing [131] the government's statement of material facts and [134] petitioner's renewed first request for the production of documents, and for the reasons stated in a classified status hearing held on January 8, 2009, it is hereby

    **ORDERED** that on or before February 9, 2009, the government shall file a written certification, signed by counsel, that indicates the scope of its search for exculpatory evidence and the results of that search.  In its December 2, 2008 Order, the Court defined exculpatory evidence as "all reasonably available evidence in its possession or any evidence within its actual knowledge that tends to materially undermine the evidence that the government intends to rely on in its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the government's evidence (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of petitioner, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity)."  This definition encompasses, but is not limited to, the provided for in Part I.D.1 of Judge Hogan's Case Management Order, as amended by Judge Hogan's December 16, 2008 Order.  The term "reasonably available evidence" is not limited to evidence

discovered by the attorneys preparing the factual return for the petitioner; it also includes any

other evidence the government discovers while litigating habeas corpus petitions filed by

detainees at Guantanamo Bay.  It is further

       **ORDERED** that petitioner's renewed first request for production of documents is

**GRANTED IN PART AND DENIED IN PART** insofar as the government must produce the

following, if not previously produced, on or before February 9, 2009:

1. Any confession or statement made by petitioner at any time since his arrest to any government authorities (including both foreign and domestic authorities).

2. Any document that indicates that petitioner was subjected to abuse, torture, or coercion by any government authorities (including both foreign and domestic authorities).

3. Any document discovered by government counsel in the habeas cases involving three specified Guantanamo Bay detainees, whom the government is relying on in its case-in-chief against petitioner, that indicates that the detainee was subjected to abuse, torture, or coercion by any government authority (both foreign and domestic authorities).

4. The two documents that were not produced by the December 31, 2008 deadline due to a security clearance delay, if they constitute exculpatory evidence.

5. The diagram and/or drawing described in paragraphs 13 and 14 of petitioner's renewed first request for the production of documents and the results of the test referenced in paragraph 16 of petitioner's renewed first request for the production of documents.

6. Any exculpatory evidence contained in the redacted portions of the document described in paragraph 4 of petitioner's renewed first request for the production of documents.

       **ORDERED** that petitioner's remaining requests for production of documents are

**DENIED WITHOUT PREJUDICE** based on petitioner's withdrawal of the requests.  It is

further

       **ORDERED** that petitioner's traverse is due on or before February 17, 2009.  It is further

**ORDERED** that a status hearing is set for February 19, 2009, at 1:45 p.m. in Courtroom

14.

**SO ORDERED.**


_____/s/_____
ELLEN SEGAL HUVELLE
United States District Judge


Date:   January 9, 2009