**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

|  |  |  |
|---|---|---|
| **HAYAL AZIZ AHMED AL-MITHALI,** | ) | |
| Petitioner, | ) ) ) | |
| v. | ) | Civil Action No. 05-cv-2186 (ESH) |
| **BARACK H. OBAMA** *et al.*, | ) ) ) | |
| Defendants. | ) ) | |

### ORDER

Based on the hearing held on January 13, 2010, and for the reasons stated in court, it is hereby **ORDERED** that petitioner's motion to lift the stay is **GRANTED**; and it is

**FURTHER ORDERED** that the Case Management Order ("CMO") issued in *In re Guantanamo Bay Detainee Litig.*, Misc. No. 08-442, Dkt. No. 940 (Nov. 6, 2008) (TFH), *amended by*, Misc. No. 08-442, Dkt. No. 1315 (Dec. 16, 2008) (TFH), is amended for the case before the Court involving petitioner Al-Mithali (ISN 840). In addition to those procedures set forth in the CMO, and, where inconsistent with the provisions of the CMO, in replacement thereof, the following procedures shall govern the case of the above-named petitioner:

1. Statement of Material Facts

On or before March 13, 2010, the government shall file a second amended numbered statement of material facts upon which it intends to rely in making its case-in-chief. The statement of material facts shall provide a short statement of each material fact upon which the government intends to rely in making its case-in-chief, and it shall identify all evidence the government expects to elicit in support of those facts and how it intends to present the evidence,

including the names of any witnesses the government intends to call.  The government shall not be precluded from relying on evidence not contained in its statement of material facts to rebut petitioner's arguments on the merits.

    2.    <u>Automatic Discovery</u>

The government shall produce the following automatic discovery to the extent that it constitutes "reasonably available evidence."  "Reasonably available evidence" includes any evidence discovered by the government attorneys while preparing the petitioner's factual return[1] and while litigating habeas corpus petitions filed by other detainees at Guantanamo Bay, as well as any evidence discovered during the ongoing review of Guantanamo cases ordered by President Obama on January 22, 2009.  *See* Executive Order 13,492, § 2(d) (ordering the "prompt and thorough review of the factual and legal bases for the continued detention of all individuals currently held at Guantanamo, and of whether their continued detention is in the national security and foreign policy interests of the United States and in the interests of justice"); *see also id.* § 4.

If the government intends to rely on any statements of petitioner and the three identified detainees in its statement of material facts, it shall produce, to the Court and to petitioner's counsel, on or before April 13, 2010, the statements, in whatever form, including any:

        a.   audio recordings of statements;
        b.   video recordings of statements;
        c.   transcripts of statements;
        d.   contemporaneous notes taken during statements; or

---

[1] As agreed by the government, this includes "review of all of the information included in the records of a detainee's Combatant Status Review Tribunal ("CSRT") and Administrative Review Board ("ARB") proceedings, as well as additional information reasonably available to the Department of Defense." Government's Motion for Clarification and Reconsideration, 8, Misc. No. 08-442, Dkt. No. 1004 (Nov. 18, 2008) (TFH); *see also* England Decl. ¶¶ 5-8.

2

> e. records or reports of statements prepared by persons other than the persons who prepared the summaries of the statements already produced.

In addition, the government shall produce: (1) the identity of the speaker; (2) the content of the statement; (3) the person(s) to whom the statement was made; (4) the date and time the statement was made or adopted; and (5) the circumstances under which such statement was made or adopted (including the location where the statement was made). If the government cannot identify the original source or any later source of information of information relied upon in its statement of material facts, it must so indicate.

The government shall also produce all reasonably available material responsive to the Court's Orders of January 9, 2009, and February 2, 2009, that has not been previously produced. Such materials include any confession or statement made by petitioner between September 11, 2002, and October 28, 2002, to any government authorities (including both foreign and domestic authorities) and any document that indicates petitioner was subjected to abuse, torture, or coercion by any government authorities (including both foreign and domestic authorities) between September 11, 2002, and October 28, 2002, that it has not already produced.

If the government intends to rely on any documents (including 302 reports) in its statement of material facts, the documents shall be produced to the Court and petitioner's counsel on or before April 13, 2010, and the relevant portions of the documents shall be identified (by page and paragraph number) unless the government intends to rely on the entire document.

No other automatic discovery obligations shall apply at this time.

3.      Declassified Versions:

As soon as possible, petitioner shall inform the government of those portions of the amended statement of facts (*i.e.*, the narrative) that he seeks to have declassified.  By not later than April 13, 2010, the government shall file a declassified version of those portions of the amended statement of facts identified by petitioner.

4.      Exculpatory Evidence

On or before April 13, 2010, the government shall disclose to petitioner's counsel all reasonably available evidence in its possession that tends to materially undermine the evidence that the government intends to rely on in its case-in-chief, including any evidence or information that undercuts the reliability and/or credibility of the government's evidence (*i.e.*, such as evidence that casts doubt on a speaker's credibility, evidence that undermines the reliability of a witness's identification of the petitioner, or evidence that indicates a statement is unreliable because it is the product of abuse, torture, or mental or physical incapacity) that it has not previously produced.  The term "reasonably available evidence" is defined in section 2 of this Order.  This definition of exculpatory evidence encompasses, but is not limited to, the exculpatory evidence required under Part I.D.1 of the CMO.

On or before April 30, 2010, the government shall file a written updated certification, signed by counsel, that indicates the scope of its search for exculpatory evidence and the results of that search.

5.      Proposed Plan

On or before May 19, 2010, petitioner shall file a traverse.  Petitioner shall not waive his right to request further discovery after filing a traverse.

      6.      <u>Section II of CMO</u>

Issues relating to Section II of Judge Hogan's CMO will be held in abeyance pending further order of this Court.

      7.      <u>Labeling of Exhibits</u>

In future filings, any exhibits included by the parties are to be labeled sequentially. Petitioner will label its exhibits alphabetically, and the government will label its exhibits numerically.

      8.      <u>Hearing</u>

The next status conference for petitioner Al-Mithali is scheduled for May 27, 2010, at 10:00 a.m.

**SO ORDERED.**

                                                               /s/
                                       ELLEN SEGAL HUVELLE
                                     United States District Judge

DATE:   January 14, 2010